IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA GORZKOWSKA, MARIA DRWIEGA, PATRYCJA MARTINEZ, and BARBARA DRELICHOWSKI, individually and on behalf of all others similarly situated, | * * * * * * | Case No. 3:19-cv-1773 |
| Plaintiffs, | * * | JURY TRIAL DEMANDED |
| v. | * * | |
| EURO HOMECARE LLC and ELZBIETA DARMOROS, | * * * | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) and CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |
| Defendants. | * * | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

**I.   INTRODUCTION**

1.   The plaintiffs, Maria Gorzkowska ("Gorzkowska"), Maria Drwiega ("Drwiega"), Patrycja Martinez ("Martinez"), and Barbara Drelichowski ("Drelichowski") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit this Collective and Class Action Complaint against the defendants, Euro Homecare LLC ("EHC") and Elzbieta Darmoros ("Darmoros") (collectively, "Defendants"), individually and on behalf of all other similarly situated employees of Defendants.

2.   Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime compensation under §16(b) of the FLSA. They bring these claims as a collective action on behalf of themselves and all home healthcare workers currently or formerly employed by Defendants who were not paid overtime for all hours worked in excess of 40 hours per week as required by §207(a) of the FLSA on wages that were due on or after November 12, 2016.

3.   Plaintiffs Gorzkowska and Drwiega also bring claims under the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58 *et seq.,* to recover unpaid hourly wages and overtime compensation. They bring their state law claims pursuant to Fed. R. Civ. P. 23 on behalf of a class of home healthcare workers currently or formerly employed by Defendants who were not paid for all hours worked and who were not paid overtime for all hours worked in excess of 40 hours per week on wages that were due on or after November 12, 2017.

## II.   PARTIES

4.   Plaintiff Gorzkowska is a resident of New Britain, Connecticut. She was employed by Defendants from around August 3, 2015 until around July 15, 2019 as a home healthcare worker who provided companionship services. Gorzkowska was Defendants' employee as defined by the FLSA, 29 U.S.C. §203(e)(1), and by the CMWA, Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2). Gorzkowska's consent to sue is attached hereto as Exhibit 1.

5.   Plaintiff Drwiega is a resident of New Britain, Connecticut. She was employed by Defendants from around May 1, 2018 until around September 8, 2018 as a home healthcare worker who provided companionship services. Drwiega was Defendants' employee as defined by the FLSA, 29 U.S.C. §203(e)(1), and by the CMWA, Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2). Drwiega's consent to sue is attached hereto as Exhibit 2.

6.   Plaintiff Martinez is a resident of Newington, Connecticut. Under her former name of Patrycja Wojnarowska, Martinez was employed by Defendants from around May 2016 until around August 2017 as a home healthcare worker who provided

companionship services.  Martinez was Defendants' employee as defined by the FLSA, 29 U.S.C. §203(e)(1), and by the CMWA, Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2). Martinez's consent to sue is attached hereto as Exhibit 3.

7.  Plaintiff Drelichowski is a resident of Shelton, Connecticut.  She was employed by Defendants from around September 8, 2014 until around July 2, 2017 as a home healthcare worker who provided companionship services.  Drelichowski was Defendants' employee as defined by the FLSA, 29 U.S.C. §203(e)(1), and by the CMWA, Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2).  Drelichowski's consent to sue is attached hereto as Exhibit 4.

8.  Defendant EHC is a provider of homemaker and companion services with a place of business at 17 Pierce Street, Plainville, Connecticut.

9.  Defendant EHC employed Plaintiffs and participated directly in employment decisions regarding Plaintiffs' rights for which they seek redress in this case.

10.  Defendant Darmoros is the owner of defendant EHC and a resident of Plainville, Connecticut.

11.  Defendant Darmoros employed Plaintiffs and participated directly in employment decisions regarding Plaintiffs' rights for which they seek redress in this case.

**III.   JURISDICTION AND VENUE**

12.  This Court has subject matter jurisdiction under 29 U.S.C. §216(b) and 28 U.S.C. §1331.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

13. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to the claims occurred within this judicial district.

## IV.   FACTUAL ALLEGATIONS

14. Plaintiffs restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

15. At all relevant times, Plaintiffs and other home healthcare workers were engaged in commerce as defined by Section 207(a)(1) of the FLSA.

16. At all relevant times, Defendant EHC was an enterprise engaged in commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00

17. While their hours varied from day to day and week to week, Plaintiffs and other home healthcare workers employed by Defendants regularly worked more than 13 hours per day and more than 40 hours per week.

18. Plaintiffs and other home healthcare workers employed by Defendants provided around-the-clock care to Defendants' elderly clients on a live-in basis in the clients' homes.

19. Plaintiffs and other live-in home healthcare workers employed by Defendants did not have any "periods of complete freedom from all duties when the employee may either leave the premises or stay on the premises for purely personal pursuits" that could be excluded from hours worked under 29 C.F.R. § 552.102.

20. Plaintiffs and other live-in home healthcare workers employed by Defendants could not enjoy a period of at least 8 hours per night uninterrupted by a call

to duty such that a full 8 hours could be excluded from hours worked as sleep time under 29 C.F.R. § 785.22(a).

21. Plaintiffs and other live-in home healthcare workers employed by Defendants could not sleep at least five hours during a period scheduled for sleep such that the sleep they did get is considered working time under 29 C.F.R. § 785.22(b).

22. At all relevant times, Defendants instructed Plaintiffs and other live-in home healthcare workers to report, as a condition of continued employment, that they were free from duties for an hour-long breakfast, hour-long lunch, and hour-long dinner each day, and that they got 8 uninterrupted hours for sleeping each night.

23. Defendants did not pay Plaintiffs and other home healthcare workers for more than 13 hours worked in a day on live-in assignments.

24. Defendants did not pay Plaintiffs and other home healthcare workers at the rate of one and one-half times their regular hourly rate of pay for all hours worked over 40 in a given workweek.

25. Defendants knew that Plaintiffs and other home healthcare workers worked more than 13 hours per day and they willfully failed and refused to pay Plaintiffs and the similarly situated home healthcare workers overtime wages at the required rates.

26. Defendants did not keep accurate records of the hours Plaintiffs and other home healthcare workers actually worked.

27. Defendants' pay practices were the subject of prior lawsuits and a U.S. Department of Labor investigation and settlement.  Defendants are well aware of their obligations under the FLSA and CMWA but continue to commit widespread, repeated,

and consistent violations of wage and hour laws.

28. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith. Defendants operated under a scheme that has caused significant damages to Plaintiffs and the similarly situated individuals.

## V.     COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

30. Plaintiffs bring this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> All current and former home healthcare workers employed by Euro Homecare LLC and/or Elzbieta Darmoros who were not paid overtime for all hours worked over 40 in workweeks compensable on or after November 12, 2016 (the "FLSA Collective").

31. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and their consent forms are attached as Exhibits 1-4. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

32. Plaintiffs and the FLSA Collective are or were employed by Defendants within the meaning of the FLSA.

33. Plaintiffs and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated with overtime pay at the rate of one and one-half times their regular hourly rate for all hours worked in excess of forty hours in each one-week period.

34. Defendants were aware that Plaintiffs and other members of the FLSA Collective worked overtime for which they were not compensated. Indeed, Defendants

specifically instructed Plaintiffs and other members of the FLSA Collective to falsely report working only 13 hours per day as a condition of continued employment.

35. Defendants failed to make, keep, and preserve records of the hours actually worked by Plaintiffs and the FLSA Collective.

36. Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiffs and the FLSA Collective.

37. Defendants' conduct is willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective.

38. Defendants are and were aware of the FLSA's requirements.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective.

40. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendants and are readily identifiable through Defendant's records.

**VI.   STATE LAW CLASS ACTION ALLEGATIONS**

41. Plaintiffs restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

42. Plaintiffs Gorzkowska and Drwiega bring this action individually and as a class action pursuant to Fed. R. Civ. P. 23. The proposed Rule 23 Class is defined as:

> All current and former home healthcare workers employed by Euro Homecare LLC and/or Elzbieta Darmoros who were

not paid for all hours worked and who were not paid overtime for all hours worked over 40 in workweeks compensable on or after November 12, 2017 (the "Rule 23 Class").

43. The persons in the proposed Rule 23 Class are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed more than 100 individuals to provide live-in companion services to its clients during the applicable limitations period. Plaintiffs Gorzkowska and Drwiega and the proposed Rule 23 Class have been similarly affected by Defendant's violations of law.

44. There are questions of law and fact common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

   a. whether Defendants failed and/or refused to pay the proposed Rule 23 Class for all hours worked in violation of Conn. Gen. Stat § 31-71b;

   b. whether Defendants failed and/or refused to pay the proposed Rule 23 Class overtime pay for all hours worked in excess of forty (40) hours per workweek in violation of Conn. Gen. Stat §§ 31-71b and 31-76(c);

   c. the proper measure of damages sustained by the proposed Rule 23 Class; and

   d. whether Defendants' violations were willful.

45. Plaintiffs Gorzkowska and Drwiega's claims are typical of those of the proposed Rule 23 Class. Plaintiffs Gorzkowska and Drwiega, like the other proposed Rule 23 Class members, were subject to Defendants' unlawful pay practices, resulting in the failure to compensate them for all hours worked.

46. Plaintiffs Gorzkowska and Drwiega will fairly and adequately protect the interests of the proposed Rule 23 Class and have retained counsel experienced in wage and hour and class action litigation.

47. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

48. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices.  There do not appear to be any difficulties in managing this class action.

49. Plaintiffs Gorzkowska and Drwiega intend to send notice to the proposed Rule 23 Class to the extent required by Fed. R. Civ. P. 23(c).

**V.    COUNT ONE: FLSA OVERTIME VIOLATIONS**

*(On Behalf of Plaintiffs and the FLSA Collective)*

50. Plaintiffs, individually and on behalf of the FLSA Collective, restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

51. The FLSA requires covered employers to pay non-exempt employees no

less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

52. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(r)(1) and are engaged in commerce within the meaning of 29 U.S.C. § 203(b), (s)(1).

53. Plaintiffs and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

54. Plaintiffs and the FLSA Collective have worked more than forty hours (40) per week for Defendants during the applicable time period.

55. Defendants have not properly compensated Plaintiffs or the FLSA Collective for their overtime hours as required by the FLSA.

56. Defendants failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the FLSA Collective.

57. Defendants knew Plaintiffs and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

58. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.  Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

**VI.   COUNT TWO: CMWA OVERTIME VIOLATIONS (Conn. Gen. Stat. § 31-76c)**
***(On Behalf of Plaintiffs Gorzkowska and Drwiega and the Proposed Rule 23 Class)***

59. Plaintiffs Gorzkowska and Drwiega, individually and on behalf of the proposed Rule 23 Class, restate, re-allege and incorporate by reference the above

paragraphs as if fully set forth herein.

60. At all relevant times, Plaintiffs Gorzkowska and Drwiega and members of the proposed Rule 23 Class were employees within the meaning of Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2).

61. At all relevant times, Defendants were employers within the meaning of Conn. Gen. Stat. §§ 31-58(e) and 31-71a(1).

62. Connecticut law requires Defendants to pay overtime compensation at a rate of not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. Conn. Gen. Stat. § 31-76c.

63. Plaintiffs Gorzkowska and Drwiega and members of the proposed Rule 23 Class worked more than 40 hours for Defendants in one or more workweeks within the past two years, but due to Defendants' failure to pay them for all hours worked, as required under Connecticut law, they did not receive overtime pay for all hours worked in violation of Conn. Gen. Stat. § 31-71b.

64. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs Gorzkowska and Drwiega and the proposed Rule 23 Class have suffered damages in an amount to be determined at trial.

65. Plaintiffs Gorzkowska and Drwiega and the proposed Rule 23 Class seek damages in the amount of their unpaid overtime wages for all hours worked in excess of forty (40) hours per workweek, punitive (double) damages, reasonable attorneys' fees and costs for this action pursuant to Conn. Gen. Stat. § 31-72.

**VII.   COUNT THREE: FAILURE TO PAY WAGES DUE (Conn. Gen Stat. § 31-71b)**

*(On Behalf of Plaintiffs Gorzkowska and Drwiega and the Proposed Rule 23 Class)*

66.   Plaintiffs Gorzkowska and Drwiega, individually and on behalf of the proposed Rule 23 Class, restate, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

67.   Connecticut law requires Defendants to pay employees at least the Connecticut minimum wage or higher regular hourly rate for all hours worked. Conn. Gen. Stat. § 31-71a *et seq*.

68.   Plaintiffs Gorzkowska and Drwiega and members of the proposed Rule 23 Class regularly worked more than 13 hours per day, but due to Defendants' unlawful policy of only paying for 13 hours of work per day, they were not paid for all hours worked in violation of Conn. Gen. Stat. § 31-71a *et seq*.

69.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs Gorzkowska and Drwiega and the proposed Rule 23 Class have suffered damages in an amount to be determined at trial.

70.   Plaintiffs Gorzkowska and Drwiega and the proposed Rule 23 Class seek damages in the amount of their unpaid wages for all hours worked, punitive (double) damages, reasonable attorneys' fees and costs for this action pursuant to Conn. Gen. Stat. § 31-72.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, individually and on behalf of the FLSA Collective, respectfully request that this Court:

a. Designate this action as a collective action on behalf of Plaintiffs and those similarly situated, and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. Order Defendants to pay to Plaintiffs and the FLSA Collective all overtime wages owed pursuant to 29 U.S.C. §216(b);

c. Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

d. Award Plaintiffs and the FLSA Collective attorney's fees and costs incurred in prosecuting this claim;

e. Award Plaintiffs and the FLSA Collective pre- and post-judgment interest at the highest rates allowed by law; and

f. Award such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE**, Plaintiffs Gorzkowska and Drwiega, individually and on behalf of the proposed Rule 23 Class, respectfully request that this Court:

a. Certify the proposed Rule 23 Class and designate Plaintiffs Gorzkowska and Drwiega as class representatives and their counsel as class counsel;

    b.    Order Defendants to pay to Plaintiffs and the Rule 23 Class all regular rate and overtime wages owed pursuant to Conn. Gen. Stat. § 31-71b;

    c.    Award Plaintiffs and the Rule 23 Class an additional equal amount as punitive damages pursuant to Conn. Gen. Stat. § 31-72;

    d.    Award Plaintiffs and the Rule 23 Class attorney's fees and costs incurred in prosecuting this claim;

    e.    Award Plaintiffs and the FLSA Collective pre- and post-judgment interest at the highest rates allowed by law; and

    f.    Award such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted

*/ s / Mariusz Kurzyna*
Mariusz Kurzyna (ct28940)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel. 301-587-9373
Fax 240-839-9142
mkurzyna@zagfirm.com

*Attorneys for Plaintiffs and
the putative collective and class*