UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA GORZKOWSKA, MARIA DRWIEGA, PATRYCJA MARTINEZ, and BARBARA DRELICHOWSKI, individually and on behalf of all others similarly situated, *Plaintiffs*,<br><br>v.<br><br>EURO HOMECARE LLC and ELZBIETA DARMOROS, *Defendant.* | No. 3:19-cv-01773 (VAB) |

## RULING AND ORDER ON CONDITIONAL CERTIFCATION
## AND NOTICE TO POTENTIAL PLAINTIFFS

Maria Gorzkowska, Maria Drwiega, Patrycja Martinez, and Barbara Drelichowski (together, "Plaintiffs"), individually and on behalf of other similarly situated current and former employees of Euro Homecare LLC ("Euro Homecare"), filed this action against Euro Homecare and Elzbieta Darmoros (together, "Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* alleging FLSA overtime violations, overtime violations under Connecticut law, and failure to pay wages. Class and Collective Action Compl., ECF No. 1 ¶¶ 50–70 (Nov. 11, 2019) ("Compl.").

Plaintiffs now move for conditional certification and notice to potential plaintiffs. Pls.' Mot. for Conditional Certification and Notice to Potential Pls., ECF No. 24 (Mar. 20, 2020) ("Pls.' Mot."); Mem. in Supp. of Pls.' Mot. for Conditional Certification and Notice to Potential Pls., ECF No. 24-1 (Mar. 20, 2020) ("Pls.' Mem."); Pls.' Corrected Mot. for Conditional Certification and Notice to Potential Pls., ECF No. 25 (Mar. 23, 2020) ("Pls.' Am. Mot."). Defendants object to this motion. Defs.' Obj. to Pls.' Mot. for Conditional Certification and

1

Notice to Potential Pls., ECF No. 29 (May 4, 2020) ("Defs.' Obj."); Defs.' Obj. to Pls.' Mot., ECF No. 30 (May 4, 2020).[1]

For the following reasons, Plaintiffs' motion is **GRANTED**.

The Court grants conditional certification for all current and former employees of Defendants who provided live-in caregiver and/or companion services to Defendants' clients at any time between November 7, 2016 and present, finding that Plaintiffs have made the factual showing required to infer that these employees were subject to a common policy or plan that violated the law. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

The Court orders that the notice to potential opt-in plaintiffs (1) be provided in both English and Polish; (2) include contact information for both Plaintiffs' and Defendants' counsel; (3) provide notice of possible litigation requirements for opt-in plaintiffs; and (4) provide a one hundred and twenty (120)-day opt-in period. This notice shall be mailed and sent by e-mail to potential opt-in plaintiffs. The Court will not require the posting of the notice at the Euro Homecare LLC offices.

The Court orders the parties to confer and revise the notice and consent form described in the preceding paragraph consistent with this Order and submit a final version for the Court's approval by **February 5, 2021**.

The Court further orders Defendants to disclose to Plaintiffs' counsel the names, dates of employment, last known home addresses, e-mail addresses, and telephone numbers of Euro Homecare employees within the proposed opt-in plaintiff class by **February 22, 2021,** within thirty (30) days of this Order. At this time, the Court declines to order the disclosure of social security numbers and dates of birth of the proposed opt-in plaintiff class.

---

[1] Euro Homecare and Ms. Darmoros file individual, but identical objections. Defs.' Obj.; Defs.' Obj. to Pls.' Mot., ECF No. 30. The Court will cite to Euro Home Care's objection, Defs. Mot., ECF No. 29, for both defendants.

# I.   FACTUAL AND PROCEDURAL BACKGROUND

## A.  Factual Allegations

Plaintiffs allege that Euro Homecare is "a provider of home healthcare services, including 'live-in' services, which [Euro Homecare] advertises on its website as 'providing 24 hours around the clock continued support.'" Pls.' Mem. at 2–3 ¶ 2 (alterations omitted).

Ms. Darmoros is allegedly the owner of Euro Homecare and a resident of Plainville, Connecticut. Compl. ¶ 10. Ms. Darmoros allegedly "employed Plaintiffs and participated directly in employment decisions." *Id.* ¶ 11.

Plaintiffs allege that they each "worked as a live-in caregiver during all or some of [their] employment with [Euro Homecare]." Pls.' Mem at 3 ¶ 3.

"Beginning with the week ending October 30, 2016 and continuing through the present," Defendants allegedly "have had a policy of requiring live-in homecare workers to report taking an hour each for breakfast, lunch, and dinner, and having eight uninterrupted hours for sleep during each and every 24-hour period of live-in employment." *Id.* at 3 ¶ 4. Defendants also allegedly "have had a policy of compensating live-in workers for no more than 13 hours per each 24-hour period of live-in employment." *Id.* at 3 ¶ 5.

Plaintiffs allege, however, that "if they had any daytime breaks at all, [they] were never relieved of their duties for a full three hours." *Id.* at 3 ¶ 6. Plaintiffs further allege that their "sleeping times were frequently interrupted by the clients' needs," which "sometimes le[ft] Plaintiffs with less than five hours for sleep per night." *Id.* at 3 ¶ 7.

**B. Procedural Background**

On November 11, 2019, Plaintiffs filed a Complaint against Defendants. Compl.

On December 12, 2019, Defendants moved for an extension of time to file a response to the Complaint. Mot. for Extension of Time, ECF No. 9 (Dec. 12, 2019). The next day, The Court granted this motion. Order, ECF No. 10 (Dec. 13, 2019).

On January 17, 2020, Defendants moved for an additional extension of time to file their response to the Complaint, filing two identical motions. Mot. for Extension of Time, ECF No. 15 (Jan. 17, 2020); Mot. for Extension of Time, ECF No. 16 (Jan. 17, 2020). On January 21, 2020, the Court granted these motions. Order, ECF No. 18 (Jan. 21, 2020).

On February 20, 2020, Defendants filed identical Answers. Answer, ECF No. 22 (Feb. 20, 2020); Answer, ECF No. 23 (Feb. 20, 2020).

On March 20, 2020, Plaintiffs filed a motion for conditional certification and notice to potential plaintiffs with supporting materials. Pls.' Mot.; Pls.' Mem; Decl. of Maria Gorzkowska, Ex 1 to Pls.' Mot., ECF No. 24-2 (Mar. 20, 2020) ("Gorzkowska Decl."); Decl. of Maria Drwiega, Ex 2 to Pls.' Mot., ECF No. 24-3 (Mar. 20, 2020) ("Drwiega Decl."); Decl. of Patrycja Martinez, Ex 3 to Pls.' Mot., ECF No. 24-4 (Mar. 20, 2020) ("Martinez Decl."); Decl. of Barbara Drelichowski, Ex 4 to Pls.' Mot., ECF No. 24-5 (Mar. 20, 2020) ("Drelichowski Decl.").

On March 23, 2020, Plaintiffs filed a corrected motion for conditional certification and notice to potential plaintiffs. Pls. Am. Mot.

On March 31, 2020, Defendants separately moved for an extension of time to file a response to Plaintiffs' amended motion, filing identical motions. Mot. for Extension of Time, ECF No. 26 (Mar. 31, 2020); Mot. for Extension of Time, ECF No. 27 (Mar. 31, 2020). The next day, the Court granted these motions. Order, ECF No. 28 (Apr. 1, 2020).

On May 4, 2020, Defendants objected to Plaintiffs' amended motion. Defs.' Obj.; Mem. in Supp. of Defs.' Obj., ECF No. 29-1 (May 4, 2020) ("Defs.' Mem."); Defs.' Obj. to Pls.' Mot., ECF No. 30.

On January 19, 2021, the Court decided to resolve the pending motion based on the written submissions of the parties alone, without oral argument on Plaintiff's motion. Order, ECF No. 32 (Jan. 19, 2021).

## II.   STANDARD OF REVIEW

In 1938, Congress enacted the Fair Labor Standards Act ("FLSA") to "eliminate" "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202 (a–b). "In furtherance of this goal, the FLSA imposes numerous 'wage and hour' requirements, including an overtime provision mandating employers to pay non-exempt employees time-and-a-half for each hour worked in excess of 40 hours per week." *Lassen v. Hoyt Livery Inc.*, No. 3:13-CV-01529 JAM, 2014 WL 4638860, at *3 (D. Conn. Sept. 17, 2014). Section 216(b) of the Act creates a private cause of action for FLSA violations for individual employees or collectives of "similarly situated" employees. 29 U.S.C. § 216(b); *Lassen*, 2014 WL 4638860, at *3.

The Second Circuit has adopted a two-step approach to FLSA conditional certification. *Myers*, 624 F.3d at 554-55. "Although they are not required to do so by FLSA, district courts have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Id.* at 554 (alterations and internal quotation marks omitted). "In determining whether to exercise this discretion in an 'appropriate case,' the district courts of this Circuit appear to have coalesced around a two-step method, a method which, while again not required by the

terms of FLSA or the Supreme Court's cases, we think is sensible." *Id*. at 554–55 (alterations omitted).

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id*. at 555. "The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id*. (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ("Plaintiffs have amply satisfied this burden. They have made substantial allegations, both in their Complaint and supporting affidavits, that Sbarro's restaurant managers were subject to reductions in their compensation as result of a uniform company–wide policy requiring them to reimburse defendant for cash shortages and other losses.")).

Some courts adopt a modest-plus, or heightened, review standard once some discovery has been completed. *See Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 480–81 (S.D.N.Y. 2016) ("Where, as here, a conditional certification motion is made after some, but not all, discovery has occurred, it remains an open question whether some kind of 'intermediate scrutiny' should apply. . . . [T]here is less consensus within the Circuit than might appear at first blush."). The Second Circuit, however, has yet to adopt a modest-plus or intermediate scrutiny standard. *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) ("We certified for immediate review the question of whether a higher standard, urged by defendants, applies to motions to conditionally certify an FLSA collective made after discovery. We do not need to decide that question, however, because . . . we cannot, on the record before us, conclude

that the plaintiffs in [the] proposed collective are similarly situated, even under the minimal pre-discovery standard.").

Thus, while a court will review the evidence produced through pre-certification discovery carefully, the "modest factual showing" standard still governs that review. *Myers*, 624 F.3d at 555. "The modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist." *Id.* (internal quotation marks, emphasis and citations omitted). Then, "[a]t the second stage, the district court will, on a fuller record, determine whether a . . . collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." *Id.* (internal quotation marks omitted). "The action may be de-certified if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.* (internal quotation marks omitted)).

## III.   DISCUSSION

### A.  Conditional Certification

"To clear the first hurdle of collective action certification, FLSA plaintiffs must make a 'modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" *Shillingford v. Astra Home Care, Inc.,* 293 F. Supp. 3d 401, 407 (S.D.N.Y. 2018) (quoting *Myers*, 624 F.3d at 555). A conditional certification may be granted on as modest a factual showing as "a single plaintiff's affidavit." *Escobar v. Motorino E. Vill. Inc.*, No. 14 CIV. 6760 (KPF), 2015 WL 4726871, at *2 (S.D.N.Y. Aug. 10, 2015). "This simple [or modest] showing requirement can be met by evidence that other employees had similar job requirements and pay provisions." *Lassen v. Hoyt Livery Inc.,* No.

3:13-CV-01529 JAM, 2014 WL 4638860, at *4 (D. Conn. Sept. 17, 2014) (internal quotation marks omitted). "[A]t this first stage, the [C]ourt does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Escobar*, 2015 WL 4726871, at *2 (internal quotation marks omitted).

This burden, however, "is not non-existent and the factual showing, even if modest, must still be based on some substance." *Guillen v. Marshalls of MA, Inc.,* 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010). "[When] deciding whether to grant the [conditional certification] motion, the Court must merely find some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice." *Alvarez v. Schnipper Restaurants LLC*, No. 16 CIV. 5779 (ER), 2017 WL 6375793, at *2 (S.D.N.Y. Dec. 12, 2017) (internal quotation marks and alterations omitted).

Plaintiffs argue that their "sworn declarations easily meet the minimal burden for conditional certification." Pls.' Mem. at 7. Plaintiffs "attest[] that they provided around-the-clock care and were subjected to the same policy of requiring live-in homecare workers to falsely report taking three hour-long breaks during each day and having eight uninterrupted hours for sleep each night." *Id.*; *see* Gorzkowska Decl. ¶ 6; Drwiega Decl. ¶ 5; Martinez Decl. ¶ 6; Drelichowski Decl. ¶ 6. They further attest that "they could not and did not take all such breaks[,] but were nevertheless paid for only 13 hours per each 24-hour period of live-in employment." Pls.' Mem. at 7; *see* Gorzkowska Decl. ¶ 14; Drwiega Decl. ¶ 11; Martinez Decl. ¶ 10; Drelichowski Decl. ¶ 8. Plaintiffs argue that their affidavits "show that live-in caregivers and companions are similarly situated in their working conditions and compensation practices." Pls.' Mem. at 7.

8

Defendants argue that Plaintiffs have "failed to meet their burden of proof necessary to justify the granting of their motion." Defs.' Mem. at 1. In Defendants' view, Plaintiffs "have failed to offer sufficient proof that [D]efendants have a policy in violation of law that deprives [P]laintiffs of overtime wages." *Id.* at 2.

Defendants claim that Plaintiffs "kept their own time[sheets]" and were "paid for all hours that they claimed that they worked." *Id.* Defendants further claim that when they were "notified that one of its clients failed to give its employee [eight] hours of sleep time, Euro Homecare would either advise such client that [they] needed to get a family member to cover the sleep period, or Euro Homecare would assign another caregiver to cover the night shift, in which case the client would be billed the time for that additional caregiver." *Id.* at 3–4 (citing Decl. of Elzbieta Darmoros, ECF No. 29-2 ¶¶ 10–12 (May 4, 2020)).

Defendants argue that Plaintiffs' motion should be denied because they fail to identify who at Euro Homecare allegedly instructed them to submit timesheets with only 13 hours of work per 24-hour work period, *see id.* at 2–3, fail to "provide any specific dates for when they allege[dly could not] take the requisite sleep or meal breaks," *id.* at 4, and do not "allege that they provided [D]efendants with notice" of this issue, *id.*

The Court disagrees.

With their affidavits, Plaintiffs have met their burden of a "modest factual showing." *Myers,* 624 F.3d at 555. Plaintiffs attest that Euro Homecare required them to submit timesheets claiming only 13 hours in a 24-hour work period regardless of their ability to fully take the breaks for meals and sleep. *See* Pls.' Mem. at 7.

Some courts in this Circuit have granted conditional certification for live-in workers who submitted declarations and payroll evidence. *See Shillingford,* 293 F. Supp. 3d at 409 (granting

conditional certification for similarly situated live-in care workers); *Downie v. Carelink, Inc.*, No. 16-CV-5868 (JPO), 2018 WL 3585282, at *4 (S.D.N.Y. July 26, 2018) (same); *Carrasco v. Life Care Servs., Inc.,* No. 17-CV-5617 (KBF), 2017 WL 6403521, at *8 (S.D.N.Y. Dec. 15, 2017) (same). But payroll evidence is not required to grant conditional certification and a declaration alone can satisfy the modest factual showing standard. *See Fracasse v. People's United Bank*, No. 3:12-CV-670 JCH, 2013 WL 3049333, at *2 (D. Conn. June 17, 2013) ("Under the 'modest factual showing standard,' courts 'regularly rely on plaintiffs' affidavits and hearsay statements.'"(quoting *Zaniewski v. PRRC Inc.,* 848 F. Supp. 2d 213, 220 (D. Conn. 2012)); *Escobar*, 2015 WL 4726871, at *2 (collecting cases).

In this case, Plaintiffs' sworn statements meet this standard because they indicate that there were "similar job requirements and pay provisions," *Lassen,* 2014 WL 4638860, at *4 (internal quotation marks omitted), between the named plaintiffs, and that they "together[, with potential opt-in plaintiffs,] were victims of a common policy or plan that violated the law." *Myers,* 624 F.3d at 555.

Although Defendants argue that Plaintiffs assertions are false and attest that they did not have the policy described by the Plaintiffs, nor would they have any reasons to have such a policy, Defs.' Mem. at 2–4, at this initial stage, the Court will not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Escobar,* 2015 WL 4726871, at *2 (internal quotation marks omitted).

Accordingly, Plaintiffs' motion for conditional certification will be granted.

### B.  Proposed Opt-In Class

Plaintiffs request "Court-supervised notice and conditional certification for the following group of prospective opt-in plaintiffs: all current and former employees who provided live-in caregiver and/or companion services to Defendants' clients at any time between November 7, 2016 and the present." Pls.' Mem. at 8 (emphasis omitted).

Defendants object to this proposed opt-in class. Defs.' Mem. at 6. Rather than including the proposed class on November 7, 2016, Defendants argue that "the appropriate time period should commence from a date no more than three years from the date of this Court's Order." *Id.* (citing *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011)).

Defendants raise the issue of the time period of the proposed class without citing to any specific statute of limitations. Without more information, the Court will not *sua sponte* limit the proposed plaintiff class at this initial stage. Moreover, in *Whitehorn*, the case cited by Defendants, the court decided that despite an applicable statute of limitations, "it [wa]s appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions w[ould] be entertained at a later date" due to the potential applicability of equitable tolling. 767 F. Supp. 2d at 451.

Accordingly, the Court will grant notice to this proposed class.

### C.  Notice to Potential Plaintiffs

The parties make several specific requests with regard to notice.

#### i.  Notice Language

Plaintiffs anticipate that "most of the prospective opt-in plaintiffs are native Polish speakers" and request that "notice[] be translated into the Polish language and circulated in both

English and Polish." Pls.' Mem. at 8 (citing *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 76 (E.D.N.Y. 2016) ("Generally, courts permit notice to be translated into the mother tongue of non-English speaking groups of potential plaintiffs.") (internal quotation marks omitted)).

As the translation will assist in the identification of potential opt-in plaintiffs, and Defendants do not object, the Court will grant Plaintiffs' request for both Polish and English translations of notice.

Defendants also make several requests with respect to the form of the notice. First, they request that "the notice provide contact information for Defendants' counsel in addition to that of the Plaintiffs' counsel." Defs.' Mem. at 7. Plaintiffs did not respond to this request.

Courts in this Circuit "have generally concluded that the contact information of defendants' counsel is appropriate for inclusion in a notice of collective action." *Benavides v. Serenity Spa NY Inc.,* 166 F. Supp. 3d 474, 486 (S.D.N.Y. 2016) (internal quotation marks and alterations omitted) (collecting cases). This contact information, however, must be sufficiently set apart and explained to "avoid unnecessary confusion." *Whitehorn,* 767 F. Supp. 2d at 451 ("Defendant's request to include defense counsel's contact information is . . . reasonable, and the notice should be so amended.  However, this information belongs under a separate heading . . . in order to avoid unnecessary confusion." (citation omitted)). Contact information about Defendants' counsel

> should be set apart in two separate sections.  The first section should state that, if a potential plaintiff joins this suit and agrees to be represented by the named plaintiff through her attorney, he or she will be represented by [Plaintiffs' counsel] and provide plaintiffs counsel's full names, mailing address, and phone number. The second section should state that defendants in this case are represented by [Defendants' counsel], provide counsel's full names, mailing address, and phone number, and include the following

language: <u>If you decide to join this case, you should not contact the</u>
<u>defendants' lawyer but instead rely on your counsel to do so</u>.

*Benavides*, 166 F. Supp. 3d at 487 (emphasis in original) (citations omitted).

Accordingly, the Court will grant this request to include contact information of

Defendants' counsel. The notice shall include two separate sections for each set of counsel. The

first section shall state that "if a potential plaintiff joins this suit and agrees to be represented by

the named plaintiff through her attorney, he or she will be represented by Plaintiffs' counsel and

provide plaintiffs counsel's full names, mailing address, and phone number." *Id.* The second

section shall state that "[D]efendants in this case are represented by [Defendants' counsel and]

provide counsel's full names, mailing address, and phone number, and include the following

language: <u>If you decide to join this case, you should not contact the defendants' lawyer but</u>

<u>instead rely on your counsel to do so</u>." *Id.*

Defendants further request that "the notice advise the potential class members that they

may be subject to responding to discovery and to testifying in court or at a deposition." Defs.'

Mem. at 8. Plaintiffs did not respond to this request.

"Courts in this District have commonly approved requests for language notifying

potential opt-ins that they *may* be required to participate in the litigation in such ways." *Cortes v.*

*New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2015 WL 7076009, at *5 (S.D.N.Y. Nov. 12, 2015)

(emphasis in original) (collecting cases); *see also Whitehorn,* 767 F. Supp. 2d at 450 (noting that

that notice regarding the "possibility that [opt-in plaintiffs] will be required to participate in

discovery and testify at trial" is "routinely accepted," and collecting cases).

> [A] brief explanation of the potential responsibilities of opt-in
> plaintiffs is warranted, as it will help putative class members make
> an informed decision about whether to join this litigation. However,
> because the scope of the responsibilities imposed on various class
> members may vary, the Notice need only frame such requirements

13

> as possible—rather than certain—consequences of opting into the
> litigation.

*Cortes,* 2015 WL 7076009, at *5.

The Court will grant Defendants' request to include language notifying potential opt-in

plaintiffs of possible litigation requirements. The notice shall state that potential opt-in plaintiffs

"may be required" to participate in some aspects of litigation, "fram[ing] such requirements as

possible—rather than certain." *Id.* (emphasis omitted).

### ii. Opt-in Period

Plaintiffs also request a longer opt-in period of four months due to the work schedule of

live-in caregivers, which may require them to work "seven days per week for months at a time"

and prevent them from "timely review[ing] the [n]otice." Pls.' Mem at 8 (citing *Roebuck v.*

*Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 240-41 (N.D.N.Y. 2002) (granting a nine-

month opt-in period)).

Defendants argue that opt-in period should be no more than 60 days. Defs.' Mem. at 7

(citing *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 566–67 (S.D.N.Y. 2015)).

In *Yap*, the court restricted the opt-in period to 60 days because the plaintiffs in that case

"ma[d]e no substantive arguments in response to Defendants' proposed sixty-day period, such as

explaining why special circumstances in th[at] case would warrant a longer-than-normal opt-in

period." 146 F. Supp. 3d at 566 (citing *Fa Ting Wang v. Empire State Auto Corp.*, No. 14–cv–

1491 (WFK), 2015 WL 4603117, at *11 (E.D.N.Y. July 29, 2015) (collecting cases in which 60-

day period is imposed due to absence of plaintiff's arguments in support of ninety-day period)).

Here, Plaintiffs have provided an explanation for the longer opt-in period: the anticipated

difficulty in contacting live-in caregivers that work away from home for extended period of

times. Pls.' Mem. at 8. In *Roebuck,* which Plaintiffs cite, the court provided a nine month opt-in

14

period where the "anticipate[d] . . . difficulties in locating potential opt-in plaintiffs" were

"significant" as "they migrate[d] not only within North America, . . . but from as far away as

Bangladesh." 239 F. Supp. 2d at 240-41. While the difficulties outlined by Plaintiffs in this case

do not rise to that level, they still suggest than a longer than normal opt-in period is "not

unreasonable." *Id.* at 241. And as the "defendants [have not] made any showing that an opt-in

period of this length will prejudice them in any way," *id.*, the Court will grant Plaintiffs' request

for a one hundred and twenty (120)-day opt-in period.

### iii.   Proposed Plaintiffs Information Disclosure

Plaintiffs request "an Order from this Court requiring Defendants to disclose . . .

information regarding the above-defined group of prospective opt-in plaintiffs." Pls.' Mem. at 9.

Specifically, Plaintiffs seek "names, dates of employment, last known home addresses, e[-]mail

addresses, telephone numbers, dates of birth, and the last four digits of social security numbers."

*Id.* Plaintiffs anticipate it will be difficult to reach potential opt-in plaintiff because "some do not

maintain permanent residences," the addresses for former employees may be "incorrect,"

"Defendants did not routinely collect the e-mail address of their employees," many do not use

e-mail, and "others intermittently change their . . . phone service or use other people's phones."

*Id.*

Defendants object to this request, arguing that "this information is confidential and/or

unnecessary at this point in time." Defs.' Mem. at 5. "Absent a showing of actual need,"

Defendants object to providing information beyond "names, dates of employment, and last

known addresses." *Id.* at 6.

"In general, it is appropriate for courts in collective actions to order the discovery of

names, addresses, telephone numbers, e-mail addresses, and dates of employment of potential

collective members." *Valerio*, 314 F.R.D. at 74–75 ; *Gui Zhen Zhu v. Matsu Corp*, 424 F. Supp. 3d 253, 273 (D. Conn. 2020) ("At the notice stage in FLSA collective actions, plaintiffs are generally permitted to discover contact information of similarly situated employees—including their names, addresses, telephone numbers, and dates of employment."). "Courts are reluctant, however, to authorize disclosure of private information, such as dates of birth and social security numbers in the first instance and without a showing that the information is necessary for the plaintiff to notify potential opt-ins of the collective action." *Valerio*, 314 F.R.D. at 75 (collecting cases).

Although Plaintiffs assert that there will be difficulty in reaching the potential opt-in plaintiffs, *see* Pls.' Mem. at 9, they have not sufficiently demonstrated that the information normally disclosed would not be adequate to reach potential plaintiffs. Until a showing that notice is undeliverable by the traditional means, the Court will not order the disclosure of social security numbers and dates of birth. *See Valerio*, 314 F.R.D. at 75 (limiting disclosure of private information "without a showing that the information is necessary for the plaintiff to notify potential opt-ins of the collective action"); *Whitehorn*, 767 F. Supp. 2d at 448 ("[D]iscovery [of information such as social security numbers] is permitted where Plaintiff can demonstrate that names and contact information are insufficient to effectuate notice.").

Defendants also "object to Plaintiffs' request that Defendants must provide the information sought within ten (10) days of the Court's Order," flagging their reduced operating capacity due to COVID-19. Defs.' Mem. at 5. Defendants request a 30-day deadline to comply with the Court's Order. *Id.* Given the challenges presented by the COVID-19 pandemic, "the Court is granting Defendants' request for 30 days to provide the information at issue." *Ni v. Red*

*Tiger Dumpling House Inc*, No. CV 19-3269 (GRB) (AKT), 2020 WL 7078533, at *14 (E.D.N.Y. Nov. 30, 2020).

Accordingly, the Court will order the disclosure of names, dates of employment, last known home addresses, e-mail addresses, and telephone numbers of Euro Homecare employees within the proposed opt-in plaintiff class by February 22, 2021, within thirty (30) days of this Order.

### iv.   Service of the Notice

Finally, Plaintiffs request that the notice and consent forms be both mailed and sent by e-mail to class members, and that that the Court order the posting of the notice and consent forms at Euro Homecare's building. *See* Pls.' Mem. at 10.

Defendants object to the posting of notice at their office "[a]bsent a showing that significant number of [n]otices were returned as undeliverable." Defs.' Mem. at 7. Defendants also argue that due to "the current COVID-19 pandemic, there is no reason to believe that there is any foot traffic in Euro Homecare's office at this time, or that posting at this time would be an effective form of notice." *Id.*

"Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn*, 767 F. Supp. 2d at 449 (collecting cases). But "[i]n light of the current COVID-19 crisis," some courts have not approved posting a notice at the place of employment because "posting of notice on the premises w[ould] be an ineffective form of notice." *Qiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020) (citing *Michael v. Bloomberg L.P.*, No. 14-CV-2657 (TPG), 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015) ("[A]bsent a showing that a significant number of notices were returned as undeliverable, courts have refused to require posting of a

collective action notice in the workplace.").

Given Defendants' assertion regarding the accessibility of common spaces at Euro Homecare's office due to the COVID-19 pandemic, the Court will not require posting at the Euro Homecare offices at this time.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' motion for conditional certification and notice to potential plaintiffs is **GRANTED**.

The Court grants conditional certification for all current and former employees of Defendants who provided live-in caregiver and/or companion services to Defendants' clients at any time between November 7, 2016 and present, finding that Plaintiffs has made the factual showing required to infer that these employees were subject to a common policy or plan that violated the law.

The Court orders that the notice to potential opt-in plaintiffs (1) be provided in both English and Polish; (2) include contact information for both Plaintiffs' and Defendants' counsel; (3) provide notice of possible litigation requirements for opt-in plaintiffs; and (4) provide an one hundred and twenty (120)-day opt-in period. This notice shall be mailed and sent by e-mail to potential opt-in plaintiffs. The Court will not require the posting of the notice at the Euro Homecare offices.

The Court orders the parties to confer and revise the notice and consent form consistent with this Order and submit a final version for the Court's approval by **February 5, 2021**.

The Court orders Defendants to disclose to Plaintiffs' counsel the names, dates of employment, last known home addresses, e-mail addresses, and telephone numbers of Euro Homecare employees within the proposed opt-in plaintiff class by **February 22, 2021,** within

18

thirty (30) days of this Order. At this time, the Court declines to order the disclosure of social security numbers and dates of birth.

      **SO ORDERED** at Bridgeport, Connecticut, this 22nd day of January, 2021.

                     /s/ Victor A. Bolden
                    VICTOR A. BOLDEN
                    UNITED STATES DISTRICT JUDGE